**Alvarado Herrera CORADO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74482.

United States Court of Appeals, Ninth Circuit.

Submitted April 21, 2009.*

Filed April 23, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alvarado Herrera Corado, San Pedro, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

## ORDER

We construe Herrera Corado's motion to reconsider as a petition for panel rehearing and grant the petition. We withdraw the memorandum disposition filed on July 3, 2008, 284 Fed.Appx. 497, and file a replacement memorandum disposition concurrently with this order.

## MEMORANDUM **

Alvarado Herrera Corado, a native and citizen of Guatemala, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's decision denying his application for cancellation of removal.

Corado sought cancellation of removal based on hardship to his two United States citizen children, one of whom suffers from asthma. The Immigration Judge denied Corado's application after determining that Corado failed to establish that his removal would result in exceptional and extremely unusual hardship to a qualifying relative.

** This disposition is not appropriate for publication and is not precedent except as provid-

The BIA, in affirming the Immigration Judge's decision, erroneously referred to Corado's country of origin as Mexico rather than Guatemala. The BIA then determined that Corado had failed to establish that his son's asthma could not be treated in Mexico. The BIA's error in referring to the wrong country of origin is an error of law which we have jurisdiction to review under *Figueroa v. Mukasey*, 543 F.3d 487, 497 (9th Cir.2008). Because the BIA's decision erroneously considered whether Corado's son could be adequately treated for his asthma in Mexico, when the issue is whether he can be treated in Guatemala, we grant the petition for review and remand to the BIA for further proceedings.

**PETITION FOR REVIEW GRANTED; REVERSED AND REMANDED.**